ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 3 1 2005

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND JACKSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0494-H |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Raymond Jackson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Petitioner was convicted of aggravated sexual assault and sentenced to 99 years confinement. His conviction and sentence were affirmed on direct appeal and state collateral review. Petitioner also filed two federal writs of habeas corpus. The first writ was denied on the merits. *Jackson v. Collins*, No. 3-91-CV-2710-R (N.D. Tex. Sept. 22, 1993). The second writ was dismissed as successive. *Jackson v. Johnson*, No. 3-96-CV-1779-P (N.D. Tex. Oct. 23, 1997).

Petitioner now seeks federal habeas relief for a third time. In two related claims, petitioner contends that: (1) the state failed to prove the date of a prior felony conviction used for enhancement purposes; and (2) his attorney did not conduct a proper investigation into this prior offense. Before

addressing these claims, the court must determine whether petitioner can file a successive habeas petition without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

DATED: March 31, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE